**ATKINS v. WOODWARD, Justice of the Peace. (No. 2582.)**

(Court of Civil Appeals of Texas. Texarkana. May 25, 1922.)

**1. Mandamus ⬅168(2)—Justice has burden of proving satisfaction of judgment to defeat appeal from conviction for crime.**

On an appeal from refusal of a writ of mandamus to compel a justice of the peace to certify transcript on appeal to the county court from a conviction for crime, where the justice refused to certify because the judgment for fine and costs had been satisfied, the burden was on the justice to prove the satisfaction of the judgment.

**2. Mandamus ⬅168(4)—Receipt indorsed on judgment is not conclusive of satisfaction.**

An indorsement on the certified copy of the judgment for fine and costs rendered by a justice of the peace that the fine and costs were received was evidently intended as a receipt only, and, on mandamus to compel the justice to certify transcript on appeal to the county court, was not conclusive that the judgment had been satisfied any more than would be a receipt written on a separate piece of paper.

**3. Criminal law ⬅1026—Right to appeal cannot be defeated by payment of fine by another.**

The right to appeal from a conviction cannot be defeated by the payment of the judgment by another without authority of accused, so that an affidavit by accused that the fine and costs were paid by the officers from money deposited by accused as bail for his appearance raises an issue of fact in mandamus proceedings to compel the justice of the peace to certify the record.

Appeal from Grayson County Court; Dayton B. Steel, Judge.

Application by Will Atkins for a writ of mandamus against J. C. Woodward, Justice of the Peace. From a judgment dismissing the application plaintiff appeals. Reversed and remanded for trial of the application upon its merits.

J. H. Randell, of Denison, and J. P. Cox, Jr., of Sherman, for appellant.
Hubert Bookout, of Sherman, for appellee.

HODGES, J. This appeal is from a judgment dismissing an application filed by the appellant in the county court of Grayson county for a writ of mandamus. It was alleged that the appellee, Woodward, is now and was in January, 1921, the duly elected and qualified justice of the peace of precinct No. 2 of Grayson county; that on or about January 21, 1921, there appeared upon the criminal docket of the justice court over which the defendant presided a criminal case numbered 916, styled the State of Texas v. Will Atkins, the appellant, wherein the plaintiff was charged with the offense of vagrancy; that a judgment was entered by the defendant as such justice of the peace against the plaintiff, finding the latter guilty as charged, and assessing his punishment at a fine of $1 and costs, amounting to $15.70. Desiring to appeal from that judgment, plaintiff filed a motion for a new trial, which was on the same day, January 21, 1921, overruled. On the 26th day of January following plaintiff presented to the defendant a good and lawful appeal bond, which was approved and filed. Plaintiff thereafter requested the defendant to transmit to the county court of Grayson county a transcript of the proceedings in the case above referred to, together with the proper papers, but the defendant refused, and still refuses, to transmit the transcript and the papers as required by law. Plaintiff prays for a writ of mandamus to compel the defendant to perform that duty.

The appellee demurred to the petition upon the ground that it did not show that the judgment had not been paid off and satisfied. After a general denial he pleaded that the judgment appealed from had been satisfied by payment of the fine and costs assessed. He later filed a motion to dismiss, stating, among others, the following grounds: That a supplemental petition filed by appellant shows upon its face that it seeks to revise a judgment on the plea of guilty which had been fully paid off and satisfied. The motion to dismiss was sustained, and a judg-

ment rendered accordingly. The court filed the following findings of fact and conclusions of law:

"I find from the evidence submitted that the plaintiff, Will Atkins, was charged with the offense of vagrancy by complaint filed on the 21st day of January, 1921, in the justice court in and for precinct No. 2 of Grayson county, in cause No. 916 pending on the docket of said court. I find that said complaint was filed on the 21st day of January, 1921; that the defendant pleaded guilty to said charge on said date; that the court rendered judgment against the defendant on said date, assessing his punishment at a fine of $1 and all costs. I further find that said judgment was satisfied on said 21st day of January, 1921, by the payment of the fine and the costs by the defendant; that on said date the defendant filed a motion for a new trial, and that said motion was overruled by the court on the 26th day of January, 1921.

"Conclusions of Law.

"I find as a matter of law under the facts that the judgment rendered against the defendant in cause No. 916 pending on the docket of the justice court of precinct No. 2 of Grayson county was paid off and satisfied by the defendant, and that there is nothing from which he can appeal, and that the motion of the defendant herein to dismiss plaintiff's application for writ of mandamus should be and the same is sustained."

No statement of facts appears in the record. There is, however, an approved bill of exceptions taken to the refusal of the court to hear certain testimony. Attached to that bill of exceptions as an exhibit is a certified copy of the judgment rendered in the justice court. That judgment purports to be one of conviction on a charge of vagrancy upon a plea of not guilty, and after a trial in which evidence was heard. The bill of exceptions states that had he been permitted to do so appellant would have proved substantially the following facts: That at the time he was arrested for this offense no complaint had been filed against him, and no warrant of arrest issued; that the appellee Woodward, who rendered the judgment of conviction against appellant, was at that time absent from the state. Appellant and one D. Jeffries, who was with him at the time of the arrest, would have testified that they were arrested about 3 o'clock at night at their home; that they were not guilty of vagrancy or of any other offense; that appellant gave the sum of $33.40 to the officers holding him in order to avoid going to jail. Appellant never had any trial, and was not before the court in person or by attorney until he appeared to file a motion for a new trial about 2 o'clock on the day following his arrest. Appellant never entered any plea of guilty, and

never authorized any other person to enter such a plea for him or to pay any fine. The bill further states that appellant offered to prove by the appellee, Woodward, and that Woodward would have so testified, that he (Woodward) entered the judgment against the appellant about 2 o'clock p. m. on the 21st day of January, 1921, on the verbal statement of the officers making the arrest that the appellant had authorized them to enter a plea of guilty to the charge of vagrancy, and that they had collected the sum of $33.40 as the amount of the fines against the appellant and Jeffries, together with the costs. Appellee would have testified further that a motion for a new trial was filed and overruled, and thereafter a good and sufficient appeal bond was filed and approved.

[1, 2] It appears from the record that the sole ground for dismissing this application for a mandamus was the conclusion of the court that the judgment from which the appellant desired to appeal had been satisfied by the payment of the fine assessed and all costs. Whether or not that was true became an issue of fact which required evidence to settle. Assuming that a satisfaction of the judgment would have been a good defense, the appellee was under the burden of proving such satisfaction after the appellant had shown a compliance with the statutory requisites which entitled him to an appeal. The certified copy of the judgment of conviction had indorsed upon it the following: "Received fine and cost. O. C. Poff." This indorsement was evidently intended as a receipt only. It is not a part of the judgment of conviction, and is not to be treated as conclusive evidence of the legal satisfaction of the judgment. Such an indorsement is entitled to no more sanctity than if the same receipt had been written on a separate piece of paper. In deciding the issue of satisfaction of the judgment the court should not have excluded the testimony set out in the appellant's bill of exceptions.

[3] The defendant in a criminal case has the right to appeal, even from a judgment of conviction on a plea of guilty. In any case of conviction no other person has the right to defeat an appeal by paying the amount of the fine and costs assessed. Fines in criminal cases are imposed for the purpose of punishing the defendant for the offense charged against him, not as a judgment for a sum of money due to the state. The satisfaction of the judgment so as to prevent an appeal must come from the defendant, or from some one acting by his authority.

For the reasons stated, the judgment will be reversed, and the cause remanded for a trial of the application upon its merits.