"6. If the Justice of the Peace, upon complaint being filed, issues a warrant for the arrest of the defendant and places it in the hands of the constable for service and the defendant at that time is at large by virtue of having been released by the License and Weight Inspector for the State Highway Department with instructions from said Inspector to appear in court at a later date and the defendant, in compliance with the instructions given him by the Inspector, is on his way to the courtroom or is in the courtroom to answer the call of his case, is it legal for the constable at that time to serve the warrant on the defendant and charge an arrest fee therefor?

"7. Does a License and Weight Inspector of the State Highway Department have authority to arrest without warrant a person guilty of operating an overloaded vehicle?

"8. Would the agent of a trucking company be guilty of unlawfully practicing law if he appears at court and enters a plea of guilty for the driver or operator of one of the trucks of the concern who has been arrested for operating an overloaded vehicle?"

Your letter reads, in part, as follows:

"A License & Weight Inspector of the State Highway Department comes to Beaumont and enlists the services of two deputy constables to assist him in weighing trucks to ascertain whether or not the same are overloaded. In the event that the truck bears a state license and is found to be overloaded, it has been the practice of the License and Weight Inspector to give the driver or operator of the vehicle a ticket, which shows the registration weight and also the actual weight as found by the weighing of the truck. This ticket is signed by the operator of the truck and a notation then is made on the bottom of the ticket for the driver of the truck to appear in the Justice Court in Beaumont, naming the Court and date on which he is to appear.

"As these weight inspections are usually held at night, the custom is for the highway Inspector to come into the Justice Court on the following morning and file a complaint on all vehicles found to be overloaded. Inasmuch as the driver of the truck has been released with instructions to appear at a later date, it has been the custom of the Justice of the Peace not to issue a warrant for the mans's arrest. In almost all instances where the driver is released on his promise to appear at a later date (these cases wherein the driver is released being cases where the truck is registered in Texas), the driver very seldon, if ever, appears in Court on the date agreed to, but in lieu thereof, an agent of the trucking concern for which the driver works usually appears in the Justice Court and pleads guilty to the offense for the driver of the particular truck in question. In some instances the plea of guilty is entered by the agent or by the defendant himself when neither the agent nor the defendant is in Court, the plea being entered by mail."

In answer to question No. 1, this Department is unable to find any provision for this procedure in the statutes for any violation of the highway laws other than speeding. You are respectfully advised that it is the opinion of this Department that the License and Weight Inspector for the State Highway Department of Texas does not have the authority to release a driver with instructions to appear in court at a later date.

With reference to question No. 2, we refer you to Article 884 of the Code of Criminal Procedure of Texas which provides as follows:

"When the requirements of the preceding Article have been complied with, the justice _shall_ issue a warrant for the arrest of the accused and deliver the same to the proper officer to be executed."

Therefore, in answer to question No. 2, you are respectfully advised that it is the opinion of this Department that after the Justice of the Peace has accepted and filed a criminal complaint, it is his duty to issue a warrant of arrest immediately.

With reference to question No. 3, we refer you to the following authorities:

Article 239, Code of Criminal Procedure, a person is said to be arrested when he has been actually placed under restraint or taken into custody by the officer or person executing the warrant of arrest.

The determination of whether or not the driver was under arrest by the License & Weight Inspector depends upon the following issue of fact:

"If the driver had have attempted to leave at the time the officer stopped him would the officer have permitted him to leave?"

You are respectfully advised that it is the opinion of this Department that if the above question be answered in the negative, the driver was under arrest. If the above question be answered in the affirmative, the driver was not under arrest.

A capias is not issued by the Justice of the Peace. See Articles 441 and 444, Code of Criminal Procedure, which refer to capiases, do not apply to Justices of the Peace. Warrants of arrest are issued by the Justice of the Peace.

You are respectfully advised that it is the opinion of this Department that under the circumstances mentioned in question No. 3 that it is within the discretion of the Justice of the Peace as to whether or not he shall issue a warrant for the arrest of the defendant.

With reference to question No. 4, we refer you to the following authorities:

Article 580, Code of Criminal Procedure, provides as follows:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

Article 581, Code of Criminal Procedure, provides as follows:

"In other misdemeanor cases, the defendant may, by consent of the State's attorney, appear by counsel, and the trial may proceed without his personal presence."

In Words & Phrases (2nd Ed.), Vol. 1, at page 1082, we find the following:

"The word 'counsel' as used in the Constitution, Art. 1, Section 10, providing that an accused has the right of being heard by himself or by counsel or by both, has a well established meaning and as there used means an advocate, counsellor, or pleader, one who assists his client with advice and pleads for him in open Court; and it does not mean one not admitted to practice law. Harkins vs. Murphy & Bolanz, 112 SW 136, 51 T. C. A. 568."

You will note that Article 581, Code of Criminal Procedure, provides that the defendant may by consent of the State's attorney appear by counsel in misdemeanor cases where a jail sentence is not imposed and the trial may proceed without the personal presence of the defendant.

Therefore, you are respectfully advised that in the absence of the consent of the State's attorney, trial could not proceed without defendant's personal presence. You are further respectfully advised that it is the opinion of this Department that it is not legal for the defendant to be represented in the Justice Court, in such character of case, in his absence, by an agent of the company for which he works.

With reference to question No. 5, we refer you to the following authorities:

Articles 580 and 581 of Code of Criminal Procedure, hereinabove referred to.

Section 8, p. 23, 4 Texas Jurisprudence, reads as follows:

"Payment of fine. -- One who has paid a fine assessed against him and costs in the trial court is not entitled to appeal. Thus in an early case it was said that the defendant 'having treated the matter as at an end, to permit him, after having recognized the judgment as valid and binding, to apply for a new trial, and this being refused, to appeal would be entirely inconsistent.' But no person other than the defendant can defeat his right to appeal by paying the fine and costs assessed; the satisfaction of the judgment so as to prevent an appeal must come from the defendant or from some one acting by his authority."

Atkins vs. Woodward, Justice of the Peace, 241 SW 1117, holds:

"The defendant in a criminal case has the right to appeal, even from a judgment of conviction on a plea of guilty. In any case of conviction no other person has the right to defeat an appeal by paying the amount of the fine and costs assessed. Fines in criminal cases are imposed for the purpose of punishing the defendant for the offense charged against him, not as a judgment for a sum of money due to the state. The satisfaction of the judgment so as to prevent an appeal must come from the defendant or someone acting by his authority."

We find no provision in the statutes whereby a plea of guilty can be entered by mail, but on the contrary, we find that in cases where the punishment can be by fine only, that the defendant may make his appearance by counsel, provided the State's attorney consents to such procedure. We find from the authorities listed above that there the defendant enters his plea of guilt and pays his fine in the Justice Court, either in person or by someone directly authorized by him, then the defendant has waived his right of appeal from the conviction in the Justice Court.

You are respectfully advised that it is the opinion of this Department that a plea of guilt taken from the defendant himself by mail or taken from an agent of the company for whom the defendant works, even though accepted by the Justice of the Peace and agreed to by the State's attorney, would not be binding upon the defendant. You are respectfully advised that it is the opinion of this Department that if the defendant, acting for himself, by mail, entered his plea of guilt and paid his fine in full to the Justice of the Peace and same was accepted by the Justice of the Peace and State's attorney, then the defendant would have waived his right of appeal from the conviction.

You are further respectfully advised that it is the opinion of this Department that if the defendant authorized another to enter his plea of guilt in the Justice Court and authorized such person to pay his fine in such Justice Court and such person did pay his fine in the Justice Court and same was accepted by the Justice of the Peace and State's attorney, then the defendant would have waived his right to appeal from the conviction.

You are further respectfully advised that it is the opinion of this Department that if the defendant attempted to enter his plea of guilt in the Justice Court by mail or attempted to enter his plea of guilt in the Justice Court through an agent, or an attorney, and that the State's attorney did not agree to waive the defendant's presence in court, then in that event the court would not have to accept such a plea of guilt. You are further respectfully advised that it is the opinion of this Department that if an attorney representing the defendant attempted to enter defendant's plea of guilt in said Justice Court, without the presence of the defendant, and such procedure was not agreed to by the State's attorney, then and in that event the court could not legally accept defendant's plea of guilt.

With reference to question No. 6, you are respectfully advised that it is the opinion of this Department that if the constable has in his hands a warrant of arrest for the defendant, duly issued by the Justice of the Peace, it is the duty of the Constable to arrest the defendant and charge an arrest fee therefor.

With reference to question No. 7, you are respectfully referred to the following authorities:

The Court of Criminal Appeals in the case of Head vs State, 96 SW (2d) 981, has construed Article 827a, Sec. 6, Penal Code, and in that opinion held that only License & Weight Inspectors of the State Highway Department have the right to arrest without warrant any operator driving an overloaded vehicle.

You are respectfully advised that it is the opinion of this Department that a License and Weight Inspector of the State Highway Department of the State of Texas has authority to arrest without warrant a person guilty of operating an overloaded vehicle.

With reference to question No. 8, we refer you to Article 430a, Sec. 2, of the Penal Code which reads, in part, as follows:

"Sec. 2. For the purpose of this Act, the practice of law is defined as follows: Whoever (a) In a representative capacity appears as an advocate or draws papers, pleadings, or documents, or performs any act in connection with proceedings pending or prospective before a court or a justice of the peace, or a body, board, committee, commission or officer constituted by law and having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the State of subdivision thereof; . . ."

You are respectfully advised that it is the opinion of this Department that under the strict interpretation of Article 430a, Sec. 2 of the Penal Code, an agent of a trucking company who appears in court in a representative capacity and enters a plea of guilt in the Justice Court for the driver or operator of one of the trucks for the concern which has

Hon. J. C. Voyles, February 10, 1939, Page 7


been arrested for operating an overloaded vehicle will be guilty of un-
lawfully practising law in contravention with Article 430a, supra.

We appreciate very much the able brief which you submitted to
us and which has greatly aided us in the preparation of this opinion.

Trusting that this answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:hep

APPROVED

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS