Jimmy **CASTLEDINE**, Appellant,

v.

Titus **MITCHELL** et al., Appellees.

No. 16139.

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1960.

Jimmy Castledine, Wichita Falls, for appellant.

Cody D. Greer, Asst. City Atty., Wichita Falls, for appellees.

MASSEY, Chief Justice.

This is an appeal taken from the refusal of the County Court of Wichita County to grant appellant's petition for mandamus to the judge-recorder of the Corporation Court of the City of Wichita Falls and the clerk of said court to process and deliver as an appeal a certain record, as of conviction of appellant for the traffic offense of speeding, for purposes of trial *de novo* in the County Court.

The appellees were respondents in appellant's original proceeding in mandamus in the County Court. Appellant is a youngster who was arrested on the charge of speeding in the City of Wichita Falls, and who was released upon giving his written promise to appear in the Corporation Court of said city by signing in duplicate the ticket of arrest notice, as provided by the Uniform Act Regulating Traffic on Highways in Texas, Vernon's Ann.Civ.St., Art. 6701d, Sec. 148, "Notice to appear in court; promise to appear". He is represented by his father.

Without regard to whether such was required, it seems undisputed that at a time subsequent to that on which appellant was arrested he gave a bond, with two sureties, binding himself to appear at the time and place of a scheduled trial, and being in the Corporation Court on February 10, 1960. At the time so scheduled the appellant sought to appear by and through his attorney, without his personal presence, and his attorney attempted to enter a plea for him in such case when it was called, but the court refused to allow the plea to be entered and "forfeited the bond of the said Defendant and his Attorney and sureties". Obviously, electing to treat the aforesaid proceedings as having amounted to a "final judgment" from which an appeal of the case for speeding could be taken to the County Court for a trial *de novo*, the appellant, with sureties, within a very few days thereafter, appeared before the Corporation Court and "tendered Appeal Bonds in person to the Defendants. The Defendants refused and are still refusing to process Plaintiff's Appeal to the County Court and * * * refused to set an amount for an Appeal Bond."

Following the appellees' refusal to process an appeal, eight days thereafter the appellant filed his petition for mandamus with the County Court, incorporating his affidavit in the averment of facts therein stated, and, in addition to his prayer that a writ be issued commanding the Corporation Court officials, appellees herein, to process the record as an appeal, requested ancillary relief as well. Such ancillary relief was an order of restraint upon appellees which would prevent them from sending any notification to the State Department of Public Safety that appellant's bond had been forfeited, " * * * which also will increase the coverage of Automobile Insurance for said Plaintiff and will cause Plaintiff's name to be put on a list to suspend his Automobile Licenses." It is noted that the facts which were verified in the appellant's petition for mandamus included: "The City Recorder entered upon the docket a final bond forfeiture notation and said bond forfeiture was illegally taken against Jimmy Castledine and his sureties."

The appellees herein filed nothing at all in the mandamus proceeding in the County Court. Following a hearing on the appellant's petition for such character of relief, the trial court, stating, "being of opinion that it (the court) does not have jurisdiction", proceeded to enter an order denying appellant the relief for which he prayed. Thereupon the appeal was taken to this court.

We initially entertained grave doubts as to whether we had any jurisdiction of the appeal. It is found, however, that this court once exhaustively explored that question and reached the conclusion that jurisdiction did exist, whereupon it did proceed to adjudicate an appeal of a case which might, for the limited purpose of testing jurisdiction, be considered analogous to that before us. Berume v. Hughes, Tex. Civ.App., Fort Worth, 1925, 275 S.W. 268.

We therefore proceeded to consider the question of whether the County Court erred in refusing to grant the relief prayed for in the original mandamus proceeding placed before it. The proper conclusion upon the question, in our opinion, is that the said court did not err in its denial of such relief.

We believe that the state of the record before the County Court showed no more than that preliminary steps were taken toward a final forfeiture of the appellant's bond, under the theory that such was proper because of the failure of appellant to be personally present in accordance with the express obligation of the bond, coupled with the fact (presumed) that the prosecuting attorney had not consented to proceed with a trial in the absence of the defendant. Vernon's Ann.Code of Criminal Procedure, Art. 424, "Bail forfeited, when".

■ Under the provisions of Art. 581 of said Code, a defendant may, in such a case by consent of the State's attorney, appear through counsel and his trial proceed without his personal presence. It does not follow that a defendant is entitled to have this done, or to presume that such consent will be forthcoming. The inference of the statute is to the contrary, and, absent a contrary showing having been made as a part of appellant's petition for mandamus, the trial court would have been entitled to presume that the prosecuting attorney withheld his consent to try the case without the personal presence of the defendant.

Furthermore, absent a showing to the contrary, the trial court would properly presume that the action in the Corporation Court followed the procedure specified and provided by Art. 425 of said Code, relative to "Manner of taking a forfeiture", and that before the expiration of the term the court would have entered its *judgment nisi*, reciting as provided in the statute that the said judgment against the appellant and his sureties " * * * will be made final, unless good cause be shown at the next term of the court why the defendant did not appear."

In the instant case the record was made when the appellant filed his application for mandamus in the County Court for the appellees filed nothing, and the verified petition of the appellant was not amended or supplemented. Therefore, we know from this and admissions in appellees' brief that the *judgment nisi* had not been entered on February 18, 1960, eight days after the events of which appellant complains. This would mean no more than that such judgment had not been reduced to the written form obviously contemplated by the statute. Nothing inhibitive or to the contrary thereof having been shown, it would be proper to presume that there was nothing to prevent the court's reduction of the judgment to written form after said date.

As noted, appellant's petition for mandamus was filed as the result of his adversaries' treatment of the court action as other than a final and appealable judgment, and as the result of appellant's contention that it was entitled to appeal to the County Court as from a "final judgment of conviction" on the speeding charge filed against him. The appeal that the appellant believed he was entitled to take, and to establish which his suit for mandamus in the County Court was filed and his appeal therefrom brought to this court, was upon the matter of the speeding charge filed against him. There is a tendency for us to consider the matter of the propriety of a *judgment nisi*, but to do so would be improper, for indeed no appeal therefrom would lie, it being interlocutory in nature, and relative to matter as to which no final

judgment could be entered except after issuance of citation upon the sureties on appellant's bond (Code of Criminal Procedure Arts. 426 and 427), and until the first term of court after citation be served on the sureties (Art. 434), and until either a trial thereof or proper action in the case of the sureties' default (Art. 437).

Regardless of whether any *judgment nisi* and proceedings incident thereto be involved as applied to the instant case, such would have no relation to the matter of the jurisdiction of the Corporation Court of Wichita Falls to try the appellant on the speeding charge. That case remains untried, and, of course, until it is tried an appeal from judgment thereupon rendered could not lie.

The brief of the appellant makes it clear that he fears that the appellees will, unless restrained, cause a notice to be sent to the Department of Public Safety that his bond was forfeited, and that as the result thereof his insurance premium rates will be increased just as they would be increased had there been a final conviction of him upon the speeding charge. It is to be noted that such a report is provided to be reported to said Department in instances of conviction *or* the "forfeiture of bail of a person upon a charge of violating any provision of this Act", Sec. 152, "Convictions to be reported to Department", of Vernon's Ann.Civ.St. Art. 6701d, the Uniform Act Regulating Traffic on Highways. The language of the statute and section fails to make it plain that the "forfeiture" mentioned therein and provided to be reported, means "final forfeiture", just as the "conviction" mentioned therein means "final conviction". Such, in our opinion, is the proper meaning and interpretation. For aid in so interpreting the Act, refer to the companion statute, Art. 6687b, " * * *; accident reports", and especially to Sec. 25(c) thereunder, relative to "When court to report convictions."

■ This court is not unmindful of the nature of practice in Corporation Courts.

It is well known that in instances where one charged with a traffic violation anticipates the necessity of defending a civil damage suit growing out of the violation, he sometimes, in the exercise of an abundance of caution, disposes of the traffic case by way of what is known as a "bond forfeiture". By this is meant the device of ascertaining the amount of the fine upon a plea of "guilty", with said amount paid in or deposited by agreement as a cash bond, with preliminary consent given that it be later "forfeited". Except for the aforementioned Articles and Sections (Art. 6701d, Sec. 152, and Art. 6687b, Sec. 25(c)) there would be no provision for treating such as an instance of "final conviction" for the accomplishment of the purposes sought to be accomplished by use of the reports provided to be forwarded to the Department, and, the need therefor being apparent, the provisions aforesaid were incorporated into the law in order that said purposes would not be subject to defeat in said instances. The purposes were not intended to include or affect a situation such as that in which the appellant finds himself, nor should they be so construed.

■ The irregularities of which appellant complains are not such as could entitle him to treat the action of the Corporation Court as a final judgment from which he would be entitled to take an appeal. Relief against same, if there be any relief to which he may show himself entitled, would be by way of one or more of the extraordinary remedies, but could not be used for the purpose, direct or ancillary, of forcing the appellees to yield up its jurisdiction to try the speeding case or to allow appellant to appeal as from a final conviction upon said charge.

Appellant has not shown reason to disturb the judgment of the County Court in denial of appellant's requested relief by mandamus, and other relief ancillary thereto.

Affirmed.