

# The Attorney General of Texas

July 6, 1978

Honorable James Warren Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas 78061

Opinion No. H- 1203

Re: Defendant's presence at trial in justice court of misdemeanor punishable by a fine only.

Dear Mr. Smith:

You ask whether a justice of the peace may proceed to trial on certain misdemeanor charges in the defendant's absence. Your questions concern a motorist who was charged with speeding and signed a Notice to Appear in Court in accordance with article 6701d, section 148. He did not appear on his appearance date, and was charged with wilful violation of his promise to appear under section 149 of article 6701d. Both violations are misdemeanors punishable by fine only. See V.T.C.S. art. 6701d, § 143. A warrant was served on the defendant and he posted a $200 cash bond but did not appear on a second trial date.

You ask whether the justice court may proceed to trial without the presence of the defendant or his attorney. Article 33.03 of the Code of Criminal Procedure provides that the defendant must be personally present at the trial of a felony or a misdemeanor punishable by imprisonment. Article 33.04 provides as follows:

> In other misdemeanor cases, the defendant may, by consent of the State's attorney, appear by counsel, and the trial may proceed without his personal presence.

In our opinion, these provisions require that defendant be present at trial, either personally or through his attorney when permitted in accordance with article 33.04. Trial of a defendant in his absence denies him his day in court. Warren v. State, 532 S.W.2d 588 (Tex. Crim. App. 1976). In our opinion, the justice of the peace may not proceed to trial on either charge unless defendant is present either personally or through his attorney. See Castledine v. Mitchell, 336 S.W.2d 267 (Tex. Civ. App. — Fort Worth 1960, no writ).

p. 4828

Article 27.14 of the Code of Criminal Procedure provides alternative methods of dealing with certain misdemeanor charges:

. . .

> (b) A defendant charged with a misdemeanor for which the maximum possible punishment is by fine only may ... mail to the court a plea of 'guilty' or a plea of 'nolo contendere' and a waiver of jury trial. If the court receives a plea and waiver before the time the defendant is scheduled to appear in court, the court shall dispose of the case without requiring a court appearance by the defendant. . . .
>
> (c) In a misdemeanor case arising out of a moving traffic violation for which the maximum possible punishment is by fine only, payment of a fine, or an amount accepted by the court constitutes a finding of guilty in open court, as though a plea of nolo contendere had been entered by the defendant.

See also Attorney General Opinion H-963 (1977). These provisions would enable the defendant in your case to plead guilty and pay a fine without appearing in court. However, according to the facts you have provided, the defendant has not pled guilty. Nor has he paid a fine or tendered any amount other than the $200 cash bond. Thus these exceptions to article 33.04 do not apply.

You also ask whether defendant's cash bond is valid and enforceable, even though he failed to sign his name on it. Article 17.02 of the Code of Criminal Procedure, which provides for a cash bond, reads in part:

> A 'bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same. . . .

See also Attorney General Opinion C-740 (1966). Article 17.08, which states the requisites of a bail bond, provides as follows:

> A bail bond shall be sufficient if it contain [sic] the following requisites:

. . .

4.   That the bond be signed by name or mark by the principal and sureties, if any. . . .

Bail bonds which lack a required signature are void. Walker v. State, 6 S.W.2d 356 (Tex. Crim. App. 1928); Nelson v. State, 73 S.W. 398 (Tex. Crim. App. 1903); see Hall v. State, 485 S.W.2d 563 (Tex. Crim. App. 1972). The invalidity of a bond exonerates the defendant from liability on its forfeiture. Code Crim. Proc. art. 22.13.

## SUMMARY

A justice of the peace may not proceed to trial on misdemeanor charges in defendant's absence, where defendant has not pled guilty or nolo contendere in accordance with article 27.14(b) of the Code of Criminal Procedure or paid a fine in accordance with article 27.14(c). A cash bond which defendant has not signed is invalid.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn