### BERUME v. HUGHES, Justice of the Peace. (No. 11454.)

(Court of Civil Appeals of Texas. Fort Worth. June 20, 1925.)

**1. Mandamus ⟨⟩1—Civil remedy, though available in criminal proceeding.**

A writ of mandamus is a civil remedy, though it may be available in criminal proceeding.

**2. Appeal and error ⟨⟩20—Court of Civil Appeals held to have jurisdiction of appeal from judgment of county court denying writ of mandamus against justice court.**

Under Const. art. 5, §§ 16 and 19, Code Cr. Proc. 1911, arts. 101 and 106, and Vernon's Ann. Civ. St. Supp. 1922, art. 1811–158, *held,* that county court at law had jurisdiction to issue writ of mandamus directed to justice of peace to require justice to approve appeal bond and transmit record in criminal case, wherein judgment of $21.50 fine and costs had been entered, and hence Civil Court of Appeals had jurisdiction to entertain appeal from judgment denying writ.

**3. Criminal law ⟨⟩1026—One pleading guilty, and paying fine and costs, not entitled to appeal.**

One who has pleaded guilty, paid his fine and costs of court, is not entitled to appeal.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Bail ⚫═73—Justice accepting cash deposit in lieu of appearance bond, cannot appropriate it to payment of fine and costs without defendant's consent.**

A justice of the peace, who accepts a cash deposit made by defendant in lieu of appearance bond, cannot thereafter appropriate such deposit to payment of fine and costs without consent of defendant.

Appeal from Tarrant County Court; P. W. Seward, Judge.

Petition for mandamus by Antonia Berume against Hal P. Hughes, Justice of Peace. From judgment denying writ, petitioner appeals. Reversed and remanded, with instructions.

Power, Estes & Kelly, of Fort Worth, for appellant.

John Morrison, of Fort Worth, for appellee.

BUCK, J. Antonia Berume filed a petition for mandamus in the county court at law, Tarrant county, in which she alleged that on April 2, 1925, there was pending in the justice court a cause entitled State of Texas v. Antonia Berume, wherein relator was charged with a misdemeanor within the jurisdiction of the court; that, desiring her release from custody until said case could be tried, she deposited with respondent, Hughes, in his official capacity, a sum of money in lieu of an appearance bond, and thereby secured her release; that on said date there was entered upon the docket of respondent's court a judgment convicting the relator of a misdemeanor, and said judgment provided that the state of Texas have and recover of the relator the sum of $21.50, fine and all costs of court; that the relator, being dissatisfied with the judgment, there entered against her, and, desiring to appeal therefrom within the time required by law, executed and tendered to the respondent an appeal bond signed by herself and four good and sufficient sureties, in the penal sum of $500, conditioned as required by law, but that respondent failed and refused to accept and approve said bond, though assigning no good and sufficient reason therefor. Relator alleged that the court, at law, Tarrant county, was thereby deprived of its jurisdiction to hear and determine the case of appeal, and that respondent's act and conduct in refusing to approve her appeal bond and transmit the transcript and record of said cause from his court to the court at law, Tarrant county, was arbitrary, unwarranted, and a flagrant violation of his ministerial duty as said justice of the peace.

Respondent acknowledged that he was the duly elected justice of the peace, and was such officer and discharging the duties of the office on the date mentioned. He further admitted that the bond tendered was good and suffi-

cient as to the amount and the sureties and the date of its tender, but he specially denied that relator deposited with respondent any sum of money in lieu of any appearance bond. He alleged that relator pleaded guilty to the offense charged against her, and said $21.50 was paid by her in satisfaction of the fine adjudged against her and the costs of court, and that at the time the appeal bond was filed or tendered no cause was pending against relator in said justice court, but that the judgment of the court had been fully paid off and satisfied. Wherefore he prayed that the writ be denied. This answer was not verified.

The trial court granted a hearing upon the application, and on April 14, 1925, rendered a judgment denying the writ. The hearing was evidently upon the petition and answer, with no evidence, as shown by the judgment of the trial court. At the threshold of the consideration of this cause we are confronted with a question as to our jurisdiction. Appellant urges that we have jurisdiction to hear and determine the appeal, and appellee urges that we have not; that, if any court has jurisdiction to entertain the appeal, it is the Court of Criminal Appeals.

[1] The writ of mandamus is a civil remedy, though it may be available in a criminal proceeding. 26 Cyc. p. 140 et seq., and citations thereunder, especially the case of General Land Office, Com'r v. Smith, 5 Tex. 471; 18 R. C. L. § 2, p. 88, and cases there cited, including Arberry v. Beavers, 6 Tex. 457, 55 Am. Dec. 791. In Atkins v. Woodward, Justice of the Peace, 241 S. W. 1117, the Texarkana Court of Civil Appeals entertained jurisdiction of an application filed in the county court for mandamus directed to a justice of the peace to require said justice to transmit the record in a criminal case. The facts there and the remedy sought are similar to those in the instant case. In the recent case of State ex rel. Moreau v. Bond, District Judge, 271 S. W. 379, decided April 15, 1925, the Supreme Court entertained jurisdiction in a mandamus proceeding to compel the district judge to proceed to set a criminal case down for trial, in order to give relator a speedy trial. In Ewing v. Cohen, 63 Tex. 482, it was held that mandamus is the proper remedy to enforce the performance of a ministerial act when there is no other legal remedy. In that case the relator applied for the writ to compel the county judge to set aside an order dismissing an appeal taken by Cohen from a judgment of the mayor's court of the city of Cleburne, imposing a fine upon Cohen for a violation of one of the ordinances of that city. The order was entered in pursuance of a motion, made by the county and the city attorneys, to dismiss the appeal because of the insufficiency of the appeal bond, and because Cohen

had not made a motion for a new trial as required by the ordinances of the city. Cohen thereupon commenced a suit in the district court of Johnson county to compel the county judge by mandamus to reinstate the cause in his court and proceed with it to judgment. The district judge granted a temporary mandamus, and upon final trial made it permanent, and from this judgment the mayor appealed. While the Supreme Court in that case reversed the judgment of the district court in granting the mandamus, yet it did entertain jurisdiction of the cause.

In Knight v. Armstrong, 162 S. W. 448, it was held by the Texarkana Court of Civil Appeals that a county court did not have jurisdiction to grant a writ of mandamus to compel a justice of the peace to render judgment against relator for $79.65, inasmuch as said amount was not within the original jurisdiction of the county court. Respondent, on the strength of this case, urges that the county court in the instant case did not have jurisdiction to grant the writ, inasmuch as the fine and costs amounted to only $21.50. But we do not think the question of jurisdiction is determined by the amount of such fine and costs. The application for the writ was based on the legal right of relator to appeal his case from the justice court to the county court and to require the justice of the peace to approve his bond and to transmit to the county court the record of the case in the justice court. In the cited case the court cited De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882, in which the Supreme Court held that the county court has no jurisdiction to issue a writ of injunction except where the amount in controversy exceeds $200 and does not exceed $1,000 in value.

[2] By reference to section 16, article 5, of the Constitution of this state, the Supreme Court shows that the county court had jurisdiction to issue writs of injunction, mandamus, and all writs necessary to the enforcement of jurisdiction of said court. Justices of the peace have original jurisdiction in all cases arising under the criminal laws of this state in which the punishment is by fine only, and where the maximum of such fine may not exceed $200, except in cases involving official misconduct. Article 5, § 19, state Constitution, and article 106, Criminal Procedure. County courts have appellate jurisdiction in criminal cases of which justices of the peace and other inferior tribunals have original jurisdiction. Constitution, art. 5, § 16, and article 101, Criminal Procedure.

By article 1811–158, Texas Civil and Criminal Statutes, 1922 Supp., the county court at law of Tarrant county has exclusive jurisdiction within said county of all criminal matters and causes, original and appellate, of which county courts have jurisdiction under the Constitution and laws of Texas, with certain exceptions. Therefore the trial court had potential jurisdiction, on appeal, of the cause tried in the justice court, and of the judgment against relator from which she was attempting to appeal, and to affect which she had tendered an appeal bond, which the justice of the peace had refused to approve. Therefore we think that the trial court had jurisdiction to issue the writ, and that this court has jurisdiction to entertain the appeal.

[3] If the alleged facts set up in respondent's answer, to wit, that the relator had pleaded guilty in the justice court, and had paid her fine and costs of court, were true, and the answer had been verified, we conclude that the judgment of the trial court should be affirmed. There is a statement in the respondent's brief to the effect that his counsel, by an agreement with counsel for relator, dictated his answer just prior to the trial, and that it was agreed that the verification of such answer should be waived, but there is nothing in the record to support this contention, even though it be true.

In 17 Corpus Juris, p. 48, § 3327, it is said:

"The decisions are not uniform as to the right of defendant to review a sentence or judgment imposing a fine which has been paid. According to the weight of authority, however, where defendant in a criminal case voluntarily pays the fine imposed on him, he waives his right to an appeal, or to a review by certiorari, although it has been held otherwise where payment is involuntary, where the fine is paid under protest to prevent imprisonment under a void sentence, or where it is made under circumstances amounting to duress."

In Payne v. State, 12 Tex. App. 160, it was held by the Court of Criminal Appeals that one who had paid his fine in the trial court and the costs of the court in the trial court was not entitled to appeal.

In State v. Westfall, 37 Iowa, 575, Ann. Cas. 1913E, p. 300, the court said:

"If the judgment in this case had been one of imprisonment, and the defendants had served out the period of imprisonment, it seems clear that they could not afterward prosecute an appeal from the judgment, for the reason that they could derive no benefit from a reversal. By voluntarily paying a fine imposed upon them they stand in the same relation to the law as they would have done if they had served their period of imprisonment. All that can be said for them is that they have paid money in mistake of their legal rights. If the money need not have been paid they have clearly made a mistake of law. If, upon this appeal, the judgment should be reversed, they could not recover it, and hence they could derive no benefit from the appeal. The judgment of the court, upon appeal, would determine a mere abstraction. Besides, it is inconsistent to yield a voluntary obedience to a judgment of a court, and afterward appeal therefrom."

This case, and the case of Payne v. State, supra, and numerous decisions from various

states, and from certain provinces of Canada and from England, are contained in Ann. Cas. 1913E, p. 300. The states of Massachusetts and New York seem to hold contra to the general rule.

[4] It is true that our statutes make no provision for a defendant depositing cash in lieu of an appearance bond, but, if the justice of the peace did in fact accept such cash deposit in lieu of the appearance bond, we do not think that the justice court could thereafter appropriate such deposit to the payment of a fine and costs without the consent of defendant. Perhaps the defendant in such case would be subject to a second arrest by reason of the failure to give an appearance bond, but he would not thereby be deprived of his right to have such deposit returned to him if he should make his appearance on the day required by the court.

The judgment of the trial court is reversed and the cause remanded to that court, with instructions to issue the writ as prayed for, unless the court should find, upon a further hearing, that the relator pleaded guilty in the justice court and the fine and costs were paid in the justice court by relator herself, or by her authority, in which event the writ should be denied.

Reversed and remanded, with instructions.