R. T. GIBBS, Justice of the Peace (The State of Texas), Appellant,

v.

Virgil Vernon MELTON, Appellee.

No. 16054.

Court of Civil Appeals of Texas.

Dallas.

Feb. 16, 1962.

J. S. Grisham, Canton, for appellant.

Clyde Elliott, Jr., Canton, for appellee.

WILLIAMS, Justice.

This is an attempted appeal from the District Court of Van Zandt County, Tex- as, wherein the court granted a writ of mandamus requiring the Justice of the Peace of Precinct #5 to transfer a mis- demeanor complaint to the Justice Court of Precinct #7, both in Van Zandt County.

Appellee, Virgil Vernon Melton, was ar- rested by a peace officer for the alleged vi- olation of a traffic law, which offense, if any, was committed in Precinct #7. The complaint was filed with the Justice of the Peace of Precinct #5 of Van Zandt Coun- ty. Thereafter, appellee filed a motion with the Justice of the Peace of Precinct #5 seeking to have the case transferred to Justice Precinct #7, the Precinct in which the alleged offense, if any, was committed, pursuant to Art. 60a, Vernon's Ann.C.C.P. The court overruled the motion to transfer and set the case for trial. Thereupon, ap- pellee filed an application in the District Court of Van Zandt County for a tempo- rary restraining order and for a temporary injunction against the Justice of the Peace of Precinct #5 to restrain him from pro- ceeding to the trial of the case. Tempo- rary restraining order was granted and up- on final hearing the court found that the offense, if any, alleged against Melton oc- curred in Precinct #7 of Van Zandt Coun- ty, Texas; that Precinct #7 has a duly elected, qualified and acting Justice of the Peace; that the Justice of the Peace of Precinct #7 has jurisdiction and venue over the case. The trial court issued a writ of mandamus directing the Justice of the Peace of Precinct #5 to transfer the case to Precinct #7. It is from this order that the State of Texas appeals.

The State contends that Art. 60a, V.A. C.C.P., which provides that no person shall be tried in any misdemeanor case in any Justice Precinct Court except in the Pre- cinct in which the offense was committed, or in which the defendant resides, contra- venes the Criminal Jurisdiction of the Jus- tice Court granted to said Court by § 19, Art. V, of the Constitution of the State of Texas, Vernon's Ann.St., and is therefore void.

At the outset of our consideration of this appeal we are immediately confronted with the question of jurisdiction of this Court to do what the State request us to do, i.e., to hold unconstitutional a criminal procedural statute in connection with a criminal prosecution. While neither the State of Texas nor the appellee has raised the question of jurisdiction, this Court is required to determine its own jurisdiction and to take notice of its want of appellate jurisdiction when disclosed by the record. The jurisdiction of the Courts of Civil Appeals is derived from the law and it cannot be conferred by consent or stipulation of the parties, nor may it be waived either by the Court or by a party litigant. 3–A Tex.Jur. § 33, p. 42; Straley v. Commissioners' Court of Lampasas County (Tex.Civ.App.), 266 S.W.2d 469; Ortiz v. Associated Employers Lloyds (Tex.Civ.App.), 294 S.W.2d 880; Glenn v. Armstrong (Tex.Civ.App.), 284 S.W.2d 165; Ellison v. Panhandle & Santa Fe Ry. Co. (Tex.Civ.App.), 306 S.W.2d 909; Smith v. Crouch (Tex.Civ.App.), 323 S.W.2d 73.

The Constitution provides that Courts of Civil Appeals have appellate jurisdiction coextensive of their respective districts, extending to all *civil cases* of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Constitution, Art. V, § 6. The Legislature has provided that appellate jurisdiction of Courts of Civil Appeals shall extend to all *civil cases* within the limits of their respective districts of which the District and County Courts have or assume jurisdiction when the amounted controversy or judgment rendered shall exceed $100 exclusive of interest and cost. Art. 1819, Vernon's Ann.Civ. St. It is elementary that the jurisdiction of the Courts of Civil Appeals is controlled by the Constitution and Statutory provisions and is not unlimited or absolute. Myers v. Smitherman (Tex.Civ.App.), 279

S.W.2d 173; Harbison v. McMurray, 138 Tex. 192, 158 S.W.2d 284.

The State of Texas brings this appeal seeking, as its sole admitted purpose, to have this Court, which is clothed with civil jurisdiction, to strike down and declare invalid a provision of the Code of Criminal Procedure which has to do with the filing and prosecution of criminal misdemeanor cases in Justice of the Peace Courts. The record does not demonstrate a question involving any private property rights nor the redress of a private wrong. No contention is made that any civil action arises out of the transaction herein involved. The statute in question is so closely interrelated to Criminal cases that there can be no distinction drawn between the nature of the two.

The question of the jurisdiction of the District Court of Van Zandt County is not here in dispute. The District Court of Van Zandt County is clothed with both civil and criminal jurisdiction. Our jurisdiction, however, as pointed out above, flows solely from constitutional or statutory authority which expressly prohibits us from deciding criminal actions.

The case of Austin Fire & Police Departments v. City of Austin, 149 Tex. 101, 228 S.W.2d 845, being the only case cited by the State in support of its contention that this Court has jurisdiction, is clearly not applicable. In that case the question presented to the Supreme Court clearly involved private property rights growing out of pensions and though it did involve Art. 1583 of the Vernon's Ann.Penal Code, Chief Justice Hickman stated that the Supreme Court would take jurisdiction only because a real civil action was based upon the Article of the Penal Code. Many other cases wherein the Courts of Civil Appeals and the Supreme Court have taken jurisdiction of cases arising from Penal Statutes, may be cited but none have application to the facts here. In all of those cases a cause of action based upon private property rights are involved. Ex parte

Sterling, 122 Tex. 108, 53 S.W.2d 294; Ex parte Phares, 122 Tex. 104, 53 S.W.2d 297; Law v. Texas Delivery Service, Inc., 335 S.W.2d 653.

It is significant to note that the authorities relied upon by the State to hold Art. 60a, Vernon's Ann.Code of Criminal Procedure invalid are cases decided by the Court of Criminal Appeals.

Being of the opinion that this case is not a "civil action" within the meaning of the Constitution and Statutes conferring jurisdiction upon this Court, it necessarily follows that the appeal must be dismissed.

Appeal dismissed for want of jurisdiction.