James S. HOGAN, as next friend for Ernest Lamar Murphy, Appellant,

v.

A. M. TURLAND, J. P. Precinct Number 4, Bell County, Texas, Appellee.

No. 11531.

Court of Civil Appeals of Texas.

Austin.

Sept. 20, 1967.

Rehearing Denied Oct. 11, 1967.

**384**

Mitchell, Gilbert & McLean, Arthur Mitchell, Austin, for appellant.

Neil E. Clinkenbeard, Killeen, for appellee.

O'QUINN, Justice.

Appellant seeks to invoke jurisdiction of this Court to determine whether the County Court of Bell County erred in refusing a writ of mandamus to compel a justice of the peace to accept notice of appeal and an appeal bond in a misdemeanor conviction for disturbing the peace.

Ernest Lamar Murphy, an eighteen-year-old boy, was arrested by city police in Killeen, without a warrant and without complaint, while playing a pin ball machine in the Yellow Cab Cafe. Later that day, in a proceeding before A. M. Turland, Justice of the Peace of Precinct No. 4 in Bell County, the boy was fined $15 and was afterwards released from jail when a friend paid the amount of the fine by leaving the money with a police officer.

After the boy's mother and step-father learned of the incident, the mother sought to appeal from the conviction by timely tendering notice of appeal and a bond to the justice of the peace, who refused to accept the papers. James S. Hogan, the boy's stepfather, acting as next friend, applied to the County Court for mandamus to compel the justice of the peace to receive the appeal documents and to forward to County Court the record necessary to effect an appeal. William C. Black, County Judge, denied the application for mandamus.

■ However evident the need to direct that justice be done, appellant is not in a forum having power to rule on his rights, for this Court is without jurisdiction to hear the appeal. Every question presented by the record pertains to criminal law and procedure. The jurisdiction of Courts of Civil Appeals in this State is limited to civil cases. 15 Tex.Jur.2d, Courts, sec. 19, p. 437. The Constitution confers upon Courts of Civil Appeals "appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to *all civil cases* of which the District Courts or County Courts have original or appellate jurisdiction * * *" (Emphasis added.) Article V, sec. 6, Constitution of Texas, Vernon's Ann.St.

Appellant contends that since mandamus is purely a civil action, available to compel action on the part of persons charged with positive duties in official positions, the action initiated in county court and now appealed to this Court was and is a civil proceeding. (Citing Lowe and Archer, Texas Practice, sec. 471; 37 Tex.Jur.2d, Mandamus, sec. 2).

■ The real nature of the proceeding is not changed by calling it a civil action. Appellant, in concluding his brief before this Court, describes the remedy here sought in this fashion:

"Appellant's plea of guilty and payment of fine through his friend did not preclude review of the proceedings had in Justice of the Peace court; and *this Court should order Appellee* to allow Appellant to file his notice of appeal and bond so that *Appellant may have the criminal conviction tested* under the strong light of due process. It is hoped that the County Judge (who tried this case and who will have to try any appeal *allowed Appellant from his conviction by this Court*) will have the time to allow a proper trial on appeal and *will be given a blue print by this Honorable Court* as to the requirements of due process in a trial de novo *in a criminal case* to the end that all of Appellant's time, work, and expense

spent in seeking to right an injustice done him will be of avail." (Emphasis added.)

Appellant's prayer makes clear that any judgment this Court might enter would of necessity involve criminal law and procedure and not the law of a civil action:

" * * * Appellant prays of this Court that the judgment of the County Court denying to him his writ of mandamus be reversed in all things, and *that writ issue requiring the Appellee to accept Appellant's notice of appeal, appeal bond* and all other documents *necessary to effectuate an appeal of the criminal conviction* so unjustifiably hung about his neck, and that Appellant have all other relief to which he is entitled. * * *" (Emphasis added.)

In urging this Court to assume jurisdiction of his appeal, appellant relies upon Castledine v. Mitchell, Tex.Civ.App., Fort Worth, 336 S.W.2d 287 (no writ), and seeks to distinguish Gibbs v. Melton, Tex.Civ. App., Dallas, 354 S.W.2d 426 (no writ), in which the Dallas Court of Civil Appeals in 1962 held it was without jurisdiction because the appeal was not in a civil action.

In deciding Castledine v. Mitchell, supra, in 1960 the Fort Worth Court of Civil Appeals followed an earlier decision of that Court in Berume v. Hughes, Tex.Civ.App., Fort Worth, 275 S.W. 268 (no writ). Both cases were appeals from a mandamus action filed in county court following conviction for a misdemeanor in an inferior court. In the Castledine case, the Court of Civil Appeals noted that the court "initially entertained grave doubts" as to jurisdiction of the appeal, but on reviewing the holding in Berume v. Hughes and considering it analogous, decided it was proper to assume jurisdiction of the appeal. 336 S.W.2d 287, 289, col. 1.

In Berume v. Hughes, supra, the court relied upon two early Supreme Court cases in holding that the writ of mandamus, a civil remedy, is available in a criminal proceeding. In the first of these cases, Com-

missioner of the General Land Office v. Smith, 5 Tex. 471, the Supreme Court stated, "In consideration of this case two questions are presented: 1st. Will the writ of mandamus lie to compel the Commissioner of the General Land Office to issue a patent in any case? If so, 2d. Is a case presented by this record for a final judgment awarding it?" In the other case, Arberry v. Beavers et al., 6 Tex. 457, it was made clear, "This is a proceeding by mandamus to compel the Appellant Arberry, who was chief justice of the county of Cass, to receive and count certain returns of voters given in an election held for the purpose of electing a seat of justice of Cass county." Neither case relied upon was a criminal proceeding. Moreau v. Bond, 114 Tex. 468, 271 S.W. 379, and Ewing v. Cohen, 63 Tex. 482, also cited in Berume v. Hughes, were appeals to the Supreme Court from district court and are not helpful in deciding jurisdiction of a court of civil appeals.

The Texarkana Court of Civil Appeals in 1922 took jurisdiction of an appeal from a county court judgment dismissing application for mandamus to allow an appeal from a vagrancy conviction in justice court. Atkins v. Woodward, Tex.Civ.App., Texarkana, 241 S.W. 1117 (no writ). It does not appear that the question of jurisdiction was raised or considered by the Court of Civil Appeals.

In 1928 the Waco Court of Civil Appeals, in McIntosh v. Watts, Tex.Civ.App., Waco, 5 S.W.2d 1003 (no writ), accepted jurisdiction of an appeal from a mandamus action in county court seeking to compel the judge of a corporation court to enter a judgment of conviction against an accused on his plea of guilty to simple assault. While the Court of Civil Appeals questioned jurisdiction of the county court, due to the state of the record, the court apparently entertained no doubt as to its own jurisdiction of the appeal.

In State v. McKenna, Tex.Civ.App., Galveston, 253 S.W.2d 285 (writ ref., n. r. e.),

the Galveston Court of Civil Appeals decided an appeal from a county court refusing mandamus to require a justice of the peace to prepare and transmit transcript of a proceeding brought by the State to seize "106 electric race horse machines." Suits of this character are civil actions in rem having a basis in criminal statutes. Mosse v. State, Tex.Civ.App., Dallas, 332 S.W.2d 383 (no writ).

The Eastland Court of Civil Appeals in 1930, in holding that a county court may enforce its jurisdiction by mandamus to the justice court, cited among other authorities the case of Berume v. Hughes, supra. Harbert v. Owen, Tex.Civ.App., Eastland, 26 S.W.2d 670 (no writ). But the Harbert case itself was a civil action, in which one party obtained a money judgment against another, and did not involve criminal law or procedure.

The question before the Dallas Court of Civil Appeals in Gibbs v. Melton, supra, was whether to assume jurisdiction of an appeal from district court granting a writ of mandamus to require a justice of the peace to transfer a misdemeanor complaint from his precinct to the justice court of another precinct in the same county. Before the Court of Civil Appeals the State contended that Article 60a, Vernon's Ann. Code of Crim.Proc., which provided that no person could be tried for a misdemeanor in justice court of a precinct except in the precinct where the offense was committed, was void because contrary to Article V, sec. 19, of the Constitution of Texas. The Dallas Court decided the case was not a civil action within the meaning of the Constitution and statutes conferring jurisdiction on Courts of Civil Appeals and dismissed the appeal. 354 S.W.2d 426, 429, col. 1.

As the Court stated in Gibbs v. Melton, supra, "the jurisdiction of the Courts of Civil Appeals is controlled by the Constitution and Statutory provisions and is not unlimited or absolute." 354 S.W.2d 426, 428, col. 1; Myers v. Smitherman, Tex.Civ. App., San Antonio, 279 S.W.2d 173 (no writ); Harbison v. McMurray, 138 Tex. 192, 158 S.W.2d 284. Cases growing out of penal statutes, but based upon private property rights, are not in point to support the contention that a Court of Civil Appeals has jurisdiction of suits other than civil actions. Gibbs v. Melton, supra, and cases cited, 354 S.W.2d 426, 428–429, cols. 1, 2.

We have concluded that we are in agreement with the reasoning and holding of the Dallas Court of Civil Appeals in Gibbs v. Melton, supra, resulting in refusal to assume jurisdiction of a cause clearly not a civil case. We believe the case before this Court is controlled by the same principles and that the appeal should be dismissed.

The appeal is dismissed for want of jurisdiction.

Appeal dismissed.