James S. **HOGAN**, as Next Friend for
Ernest Lamar **Murphy**, Petitioner,

v.

A. M. **TURLAND**, Respondent.

No. B–543.

Supreme Court of Texas.

May 22, 1968.

Mitchell, Gilbert & McLean, Arthur
Mitchell, Austin, for petitioner.

Neil E. Clinkenbeard, Killeen, for re-
spondent.

HAMILTON, Justice.

This is an appeal from a judgment of the
court of civil appeals dismissing an appeal
from the county court refusing to issue a
writ of mandamus to the justice of the
peace to compel him to accept notice of
appeal and an appeal bond in a misde-
meanor conviction. The court of civil ap-
peals held that it had no jurisdiction of the
appeal. 419 S.W.2d 383.

The facts of the case as stated in the
opinion of the court of civil appeals are as
follows:

"Ernest Lamar Murphy, an eighteen-
year-old boy, was arrested by city police
in Killeen, without a warrant and with-
out complaint, while playing a pin ball
machine in the Yellow Cab Cafe. Later
that day, in a proceeding before A. M.
Turland, Justice of the Peace of Pre-
cinct No. 4 in Bell County, the boy was
fined $15 and was afterwards released
from jail when a friend paid the amount
of the fine by leaving the money with a
police officer.

"After the boy's mother and step-
father learned of the incident, the mother
sought to appeal from the conviction by
timely tendering notice of appeal and a
bond to the justice of the peace, who re-
fused to accept the papers. James S.
Hogan, the boy's stepfather, acting as
next friend, applied to the County Court
for mandamus to compel the justice of
the peace to receive the appeal documents
and to forward to County Court the rec-
ord necessary to effect an appeal. Wil-
liam C. Black, County Judge, denied the
application for mandamus."

As stated by the court of civil appeals
this case turns on whether or not this
mandamus proceeding is a civil action or a
criminal action, because its jurisdiction is
limited by the Constitution to "all civil
cases." Tex.Const. Art. V, § 6, Vernon's
Ann.St. That court based its decision on its
conclusion that this mandamus proceeding
is not clearly a civil action, citing Gibbs v.

Melton, 354 S.W.2d 426, 428–429 (Tex.Civ. App., 1962, no writ history). The court of civil appeals in that case does hold that it had no jurisdiction in an appeal from an order of the district court granting a writ of mandamus ordering a justice of the peace to transfer a criminal case from a precinct, in which a complaint was filed, to another precinct in the same county where the alleged violation occurred. The court reasoned that since it should be called upon to interpret and pass upon the validity of article 60A, of the Code of Criminal Procedure in determining the case on appeal, it had no jurisdiction, holding that the proceeding was not a civil action in the meaning of the Constitution. The court of civil appeals in the instant case discussed two cases by the Fort Worth Court of Civil Appeals holding to the contrary; i. e., Castledine v. Mitchell, 336 S.W.2d 287 (Tex.Civ.App.1960, no writ history); Berume v. Hughes, 275 S.W. 268 (Tex.Civ. App.1925, no writ history). Both cases were appeals from a mandamus action filed in the county court following conviction for a misdemeanor in an inferior court. In each case the court held that the writ of mandamus was a civil remedy and that the court had jurisdiction. However, in the case before us the court of civil appeals concluded that it should follow Gibbs v. Melton, supra, rather than the Fort Worth Court, and refused to assume jurisdiction of the cause.

We have concluded that a mandamus proceeding is a civil rather than criminal action. We approve, therefore, the holdings of the two cases decided by the Fort Worth Court of Civil Appeals, and disapprove that by the Dallas Court of Civil Appeals on the question of jurisdiction. The civil nature of the action is demonstrated by the fact that it is not brought by nor in the name of the state, and the officer against whom the writ is requested is not alleged to have committed a crime nor violated any penal statute. The complaint is that the officer simply refuses to perform his legal duty. Our holding is in accord with the weight of authorities. See

City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542 (1905); Shirey v. City Board of Educ. of Fort Payne, 266 Ala. 185, 94 So.2d 758 (1957); Thomas v. State Bd. of Elections, 256 N.C. 401, 124 S.E.2d 164 (1962); 34 Am.Jur. Mandamus § 6 (1941); 55 C.J.S. Mandamus § 2b (1938). Further, the court of criminal appeals has indicated that it will not take jurisdiction of an appeal from an order denying a writ of mandamus. Murphy v. Sumners, 54 Tex.Cr.R. 369, 112 S.W. 1070 (1908); See also, Eaves v. Landis, 96 Tex.Cr.R. 555, 258 S.W. 1056 (1924).

We hold that the court of civil appeals does have jurisdiction of this case. We, therefore, reverse the judgment of that court dismissing the appeal and order the appeal reinstated.