

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

October 27, 1975

The Honorable Charles D. Houston
County Attorney
Austin County
P. O. Box 83
Bellville, Texas 77418

Opinion No. H-725

Re: The taxation as costs of the county law library fee in probation proceedings in the county court.

Dear Mr. Houston:

You have requested our opinion as to the scope and application of article 1702i, V. T. C. S. , which provides for the establishment of county law libraries in counties with a population of 350,000 or less and provides further in section 4 that:

> For the purpose of establishing County Law Libraries after the entry of such order, there may be taxed, collected and paid as other costs in each civil case, except suits for delinquent taxes, hereafter filed in every county or District Court, a sum to be fixed by the Commissioners Court of the respective counties within the State of Texas, not to exceed Five ($5. 00) Dollars in each case; provided, however, that in no event shall the county be liable for said costs in any case. Such costs shall be collected by the Clerks of the respective Courts in said counties and paid by said Clerks to the County Treasurer, to be kept by said Treasurer in a separate fund to be known as "County Law Library Fund. " Such fund shall not be used for any other purpose.

By resolution your Commissioners Court has set the amount of costs at $5. 00. You specifically ask us,

> Are Probate matters, such as the administration of estates, the appointment of guardians, and commitments to the state hospital, "CIVIL CASES" within the meaning of Article 1702i, and should the library fee of $5. 00 be taxed as costs therein?

Proceedings within the jurisdiction of the probate court are governed by the Texas Probate Code, enacted in 1955 and effective on January 1, 1956. Prob. Code § 2(a). Costs in probate matters are referred to in section 12 of the Code which provides in part:

> (a) Applicability of Laws Regulating Costs. The provisions of law regulating costs in ordinary civil cases shall apply to all matters in probate when not expressly provided for this Code.

There is nothing in the Code which covers costs for county law libraries and the cost provision of 1702i would therefore apply to probate proceedings except where otherwise interpreted and limited by the Courts of Texas.

In Hogan v. Turland, 428 S.W. 2d 316 (Tex. Sup. 1968), the Supreme Court of Texas, in defining a civil action or case as opposed to a criminal action, noted, with regard to a mandamus proceeding, that

> [t]he civil nature of the action is demonstrated by the fact that it is not brought by nor in the name of the state. . . .

Accordingly, we are of the opinion that the county library fee is taxable as costs in all probate proceedings except where the action is brought by or in the name of the state as where the confinement of a person of unsound mind or a habitual drunkard is sought under the provisions of section 415 of the Code. But see Ex Parte Carson, 159 S.W. 2d 126 (Tex. Crim. App. 1942), holding an earlier bracket bill relating to library fees to be a local or special law.

We also refer you to section 246 of the Probate Code which allows the court, in its discretion, to order that "no costs. . .be charged in connection with. . . (a guardianship) proceeding" wherein a guardian is appointed for the sole "purpose of enabling a person to receive public assistance which is contingent upon need . . . . ."

## SUMMARY

The county law library fee provided by article 1702i, V. T. C. S., may be taxed as costs, within the meaning of article 1702i, in all probate proceedings except an action brought for the purpose of confining a person of unsound mind or a habitual drunkard.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3102

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: