Taylor v. Gately 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-244-CV

     FRENANDO RAY TAYLOR,
                                                                                              Appellant
     v.

     SANDY GATELY,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 27,900
                                                                                                    

O P I N I O N
                                                                                                    

      Frenando Taylor, an inmate, appeals from a judgment dismissing his petition for a writ of
mandamus in the court below. See Hogan v. Turland, 428 S.W.2d 316, 317 (Tex. 1968). He
complains that the court abused its discretion in refusing to compel the District Attorney to initiate
a prosecution by accepting a complaint charging assault and battery and a violation of his civil
rights. He asserts that articles 2.04, 2.05, 2.12, and 2.13 of the Code of Criminal Procedure
impose a "ministerial duty" upon the District Attorney to accept and file his complaint. See Tex.
Code Crim. Proc. Ann. arts. 2.04, 2.05, 2.12, 2.13 (Vernon 1977). In support of this
proposition, he cites language from Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex.
1991): "An act is ministerial when the law clearly spells out the duty to be performed by the
official with sufficient certainty that nothing is left to the exercise of discretion."
      We have been directed to no case, nor has our research revealed any case, in which
mandamus has issued against a prosecuting attorney for failure to institute a criminal case. District
Attorneys are constitutional officers. Tex. Const. art 5, § 21. Their duties are specified by
article 2.01 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 2.01. The
interpretative commentary to section twenty-one attributes the importance of the office to the "fact
that upon the prosecuting attorneys rests the power of determining whether prosecution in any
given case shall be inaugurated, or if inaugurated, pushed to a successful conclusion." Tex.
Const. art. 5, § 21 interp. commentary (Vernon 1993).
      A writ of mandamus will not issue unless the petitioner establishes that he has no adequate
remedy at law and that the act sought to be compelled is purely ministerial, as opposed to
discretionary. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Taylor has failed to meet
the second prong of the test. Discretion is a necessary ingredient in the determination of whether
the requisites for accepting and filing a criminal complaint have been met. See id.
      We overrule the point of error and affirm the judgment.
 
                                                                         BILL VANCE
                                                                         Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed February 9, 1994
Publish 



dministration of
justice"). 
      However, the court must indulge a presumption in favor of the accused's choice. Wheat, 108
S.Ct. at 1700; Stearnes, 780 S.W.2d at 223. A court cannot overcome the presumption and reject
a defendant's chosen counsel on "[u]nsupported or dubious speculation." Wheat, 108 S.Ct. at
1701 (Marshall, J., dissenting). It can ignore the defendant's choice only when such "drastic
action is necessary to further some overriding social or ethical interest." U.S. v. Collins, 920 F.2d
619, 626 (10th Cir. 1990), cert. denied, 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991)
(quoting United States v. Hobson, 672 F.2d 825, 828 (11th Cir.), cert. denied, 459 U.S. 906, 103
S.Ct. 208, 74 L.Ed.2d 166 (1982)). Therefore, when a trial court unreasonably or arbitrarily
interferes with the right to choose counsel, its denial rises to the level of a constitutional violation. 
Collins, 920 F.2d at 625. Whether the court has abused its discretion, and thus acted
unreasonably or arbitrarily, must be gleaned from the facts and circumstances of each particular
case. See Wheat, 108 S.Ct. at 1700.
TRIAL COURT'S CONSIDERATIONS
      Judge Knize, who appeared and presented oral argument at the hearing on the petitions for
mandamus, reiterated the reasons why he refused to allow Maxwell and Rossini to represent the
Kozackis at the bail-reduction hearing. His reasons, which pertain to considerations relating to
efficient judicial administration, generally coincide with those attributed to him in the affidavits
filed by the parties. Evidently, as an informal rule of absolute application in his court, Judge
Knize will not permit any attorney to appear for and represent any criminal defendant in any
portion of a proceeding unless the attorney agrees to represent the client in the entire proceeding. 
Thus, because Maxwell and Rossini filed a notice of limited appearance, Judge Knize refused to
allow them to appear on behalf of the Kozackis. Consequently, he likewise refused to hold the
bond-reduction hearing.
      Judge Knize explained that his rule is designed to prohibit a criminal defendant from "piece
mealing" his legal representation. His concern is that, by allowing a criminal defendant to hire
multiple counsel with such limited authority that the court and the district attorney's office does
not know with whom to deal, a defendant could effectively thwart the ability of the court to
expeditiously manage its docket and administer justice.
MERITS OF THE CLAIM
      The Kozackis seek two forms of relief: (1) an order compelling Judge Knize to hold a hearing
on their motions to reduce their bail and (2) an order compelling Judge Knize to allow Maxwell
and Rossini to represent them at that hearing without committing to represent them for the entire
criminal proceeding. On the first claim, the Kozackis have a clear right to relief. Once properly
filed and presented, the court does not have the option of refusing to hold a hearing on their
motions to reduce bail. See Gray, 726 S.W.2d at 128. Thus, the writ will conditionally issue
contingent on Judge Knize's continued refusal to hold a hearing on the motions to reduce bail.
      The second request goes to the application of Judge Knize's local rule of court. The effect
of such an absolute rule is to abrogate the constitutional right of defendants to choose counsel,
except for legal representation in the entire criminal proceeding. This effectively precludes their
choosing counsel, with or without specialized skills, to represent them only in a particular portion
of the proceeding, such as at a hearing on a motion to suppress or, in this instance, at a bail-reduction hearing. We believe the Sixth Amendment broadly protects this right, and that the trial
court, as in other cases, can override their choice only for important considerations relating to
integrity of the judicial process and the fair and orderly administration of justice. 
      Judge Knize paints a scenario which, if circumstances developed as he envisioned, might
justify his limiting the right of an accused to employ counsel for piece-meal representation. 
However, so far as the facts of this case are concerned, his concerns are based on unsupported
speculation. Neither he nor the district attorney could point to any demonstrable evidence that,
if Maxwell and Rossini were allowed to make a limited appearance, such would actually
thwart—or create a serious potential of thwarting—the court in controlling its docket in general
or in expediting this case in particular. See Wheat, 108 S.Ct. at 1700. "In judicial administration
. . . there should be no absolutes." U. S. ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3rd Cir.
1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). Judge Knize's informal
rule of absolute application violates this general principle of judicial administration and, if allowed
to continue, will operate to violate the Kozackis' right to representation by counsel of choice. 
Thus, the Kozackis have shown that they are clearly entitled to the relief sought. The writ will
issue only if Judge Knize continues to refuse to allow Maxwell and Rossini to appear for the
limited purpose of the bail reduction hearing. 
      We conditionally grant the Kozackis' petitions for a writ of mandamus. We assume that Judge
Knize will promptly conduct the hearing and allow Maxwell and Rossini to appear on the
Kozackis' behalf. The writ will issue only if Judge Knize fails to promptly conduct the hearing
on the motions to reduce bail or if he refuses to allow Maxwell and Rossini to appear for the
limited purpose of the bail reduction hearing.
 
                                                                                      PER CURIAM  

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Writ of mandamus conditionally granted
Opinion delivered and filed September 13, 1994
Publish